**In the Matter of John M. Cicilline.**                    **Supreme Court**
**No. 2013-335 M.P.**

# O R D E R

This matter is before the Court pursuant to a petition for reinstatement filed by John M. Cicilline on November 5, 2013, in accordance with Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure.  On November 20, 2008 this Court entered an order disbarring the petitioner from the practice of law, with the effective date of that order being September 19, 2008.  Our disbarment order was precipitated by the petitioner submitting an affidavit consenting to disbarment after he had entered a guilty plea to four felony counts charged in an indictment filed in the United States District Court for the District of Massachusetts.  Those four felony counts consisted of the following charges:  one count of conspiracy, in violation of 18 U.S.C. § 371; one count of obstruction of justice, in violation of 18 U.S.C. § 1503(a); and two counts of making false statements, in violation of 18 U.S.C. § 1001.  The petitioner was sentenced to a term of imprisonment of eighteen months, commencing October 21, 2008.  He has served his sentence and was released from prison in 2010.

Rule 16(c) provides that on an application for reinstatement the petitioner has "the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications, competency and learning in law required for admission to practice law in this State and that his or her resumption of the practice of law within the State will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interest."  The petitioner has complied with the procedural requirements for submitting his reinstatement petition, including paying a $500 dollar filing fee

1

to the clerk of the Court, obtaining a passing score on the Multi-state Professional Responsibility Examination, and completing an extensive questionnaire which he has filed with this Court and with Disciplinary Counsel. Disciplinary Counsel has conducted an investigation of the petitioner as required by Article III, Rule 5(b)(4) of the Supreme Court Rules of Disciplinary Procedure, and he has submitted his report to the Court. Disciplinary Counsel has advised the Court he has no objection to the granting of the petition for reinstatement.

We directed the petitioner to appear before the Court at its conference on March 20, 2014 to show cause why his petition should be granted. Having heard the representations of the petitioner, his counsel, and Disciplinary Counsel, and having reviewed the record we deem that the petitioner has met the requirements to resume the practice of law and that his petition should be granted, but conditioned upon a period of monitoring of the petitioner's renewed practice of law.

We take note that the petitioner engaged in serious criminal and ethical misconduct, which resulted in his criminal conviction, federal imprisonment, and disbarment from the practice of law. The petitioner's conviction arose from a misguided attempt to assist a client in receiving favorable treatment by federal authorities when that client was facing a lengthy term of imprisonment as a result of her arrest for dealing in large quantities of marijuana. The petitioner concocted a fraudulent scheme for the client to receive a significant reduction of a potential sentence by falsely claiming to be responsible for supplying information to government agents that would be used to obtain the arrest and conviction of third parties. The petitioner coached his client about how to present that false information to federal authorities. He received no financial benefit for doing so. Unbeknownst to the petitioner, however, his

own client had reached an accommodation with federal authorities to cooperate on implicating the petitioner as well as the attorney for a codefendant in their own criminal conduct.

Such conduct by a member of the bar is inexcusable, and he was rightly incarcerated and disbarred. We note that disbarment is the most serious sanction that this Court can impose upon an attorney for professional misconduct. Any attorney who has been disbarred bears a heavy burden in convincing this Court that he or she should be readmitted to the bar.

When we consider a reinstatement petition, we review the entire career of a petitioner. We note that prior to his disbarment the petitioner was a respected member of the bar and practiced for twenty-two years without receiving any public discipline. The majority of his practice was devoted to representing defendants in criminal cases. This court has received over eighty letters of support for the petitioner from active members of the bar, requesting that we give the petitioner a second chance at practicing law. Many of the letters of support submitted on his behalf are from former prosecutors who were the petitioner's adversaries in contested trials. All spoke highly of his prior reputation for honesty, integrity, fairness, and competence in his representation of his clients. We find such strong expressions of support from the petitioner's peers to be unusual and persuasive.

We believe that the conduct of the petitioner which led to his disbarment was caused by a misguided effort to assist a client who the petitioner believed was facing an unduly harsh punishment under the sentencing guidelines in effect for non-violent marijuana dealers. The petitioner has paid a heavy price for that error of judgment, and we are confident that he is truly remorseful for his conduct. We believe that he has been rehabilitated and can return to the practice of law.

Accordingly, the petition for reinstatement of John M. Cicilline is hereby granted, subject to a two-year period of monitoring of his practice. Attorney William J. Murphy shall monitor the petitioner's practice, and submit written reports on a quarterly basis to Disciplinary Counsel regarding his review of the petitioner's practice. The petitioner shall fully cooperate with Attorney Murphy and Disciplinary Counsel regarding the monitoring of his practice.

**Justice Robinson dissenting.** I respectfully dissent. After much soul-searching and after meticulously reviewing the petition submitted by Mr. Cicilline and the accompanying supporting materials, I am unable to conclude that the petitioner has successfully borne "the burden of demonstrating by clear and convincing evidence" that, at this point in time, he has satisfied the demanding criteria for readmission that are set forth in Article III, Rule 16(c) of the Supreme Court Rules of Disciplinary Procedure. It is entirely possible that, after a longer period of the petitioner's separation from the practice of law, my view of his petition would be different from what it is today; but, as of today, I am unable to vote to grant the petition. I have, of course, carefully taken into account the fact that my highly respected colleagues in the majority have come to a different conclusion; and that fact has caused me to be especially circumspect in coming to a decision. In the end, however, I know that I would not be true to my understanding of the applicable clear and convincing evidence standard and my evaluation of Mr. Cicilline's petition if I were to join the majority. Accordingly, I respectfully dissent.

Justice Indeglia did not participate.

Entered as an Order of this Court this *1ˢᵗ* day of *May 2014*.

By Order,

_____/s/_____
Clerk

4



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      In the Matter of John M. Cicilline.

**CASE NO:**      No. 2013-335-M.P.

**COURT:**      Supreme Court

**DATE ORDER FILED:**      May 1, 2014

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**WRITTEN BY:**      N/A – Court Order

**JUDGE FROM LOWER COURT**:

        N/A

**ATTORNEYS ON APPEAL:**

        For Petitioner:  Vincent A. Indeglia, Esq.

        For Respondent:   David D. Curtin, Esq.
                            Disciplinary Counsel